[No. 4248.]

## THOMAS SHARPE *v.* JAMES ARNOTT AND MICHAEL GRIFFIN.

CONSTRUCTION OF AGREEMENT IN MORTGAGE.—If A. mortgages his mining claim to B. to secure a debt which he owes to C., and which is already due, and a clause is inserted in the mortgage that B. is to pay the debt as fast as it comes out of the claim, after deducting three dollars a day for each day's work, for living, and there is no stipulation to extend the

credit on A.'s debt to C., the clause does not amount to an agreement that the debt shall be paid only out of the proceeds as they come out of the claim, after deducting three dollars per day, and the mortgage may be foreclosed by C. at any time.

APPEAL from the District Court, Tenth Judicial District, County of Sierra.

On the 7th day of August, 1869, James Arnott was indebted to defendant Griffin in the sum of eleven hundred and sixty dollars, and to the plaintiff in the sum of seven hundred and ninety-two dollars, and executed to defendant Griffin the following bill of sale:

"KNOW ALL MEN BY THESE PRESENTS, that James Arnott, resident of Brandy City, Lincoln township, county of Sierra, State of California, party of the first part to these presents, does hereby cede, sell and deliver, and by these presents does convey unto Michael Griffin, of Brandy City, township, county and State aforesaid, party of the second part, all my right, title and interest in and to a certain mining claim, situate on Grizzly Hill, in the county and State before named; said right and title being one undivided one-fifth interest in the claims known and designated as A. Sharpe and Company's Claims, for the sum of eleven hundred and sixty dollars to me in hand paid, and for the further sum of seven hundred and ninety-two dollars, which my interest owes Thomas Sharpe, of said Co., which the party of the second part agrees to pay as fast as it comes out of the claim, after deducting three dollars a day for living for each day's work, together with one undivided one-fifth interest in all mining tools and appurtenances of whatever nature or kind.

"Witness my hand this 7th day of August, A.D. 1869.

"JAMES ARNOTT.

"Witness:
    "WILLIAM BRUMWELL."

The plaintiff brought this action, and alleged in his complaint that the bill of sale was intended as a mortgage to secure both of said debts, and that his debt was first to be paid, and that he had a prior lien. The defendant Griffin

alone answered, and denied that the bill of sale was intended as a mortgage, and also set up that if it was found to be a mortgage, that the plaintiffs' debt was not to be paid until the amount thereof had been realized from the proceeds of the claim over and above three dollars per day, and that nothing had been realized from such proceeds. The court found that the bill of sale was intended to be a mortgage, and that the defendant Griffin had worked the claim, but had not realized three dollars a day from it, and enforced the lien of the mortgage as to the debt due to the plaintiff, and directed that the proceeds of sale, after satisfying Sharpe's debt and costs, should be paid into court for the person entitled thereto.

The defendant Griffin appealed.

*Belcher & Belcher*, for the Appellant, argued that Sharpe was not entitled to anything except the surplus, after three dollars per day had been taken out of the claim.

*P. Vanclief*, for the Respondent.

Griffin agreed that he would work the mortgaged interest and apply the proceeds, over wages and other expenses of working, to the payment of Arnott's debt to Sharpe. Of course, that debt was due. It was so admitted in the mortgage. No doubt Sharpe might have properly commenced his action to foreclose, whilst Griffin was at work upon the claim; for there was no agreement that Sharpe should only be paid out of the proceeds of Griffin's work; nor that Griffin should continue to work until Sharpe should be thus paid, or for any specified length of time. Griffin was at liberty to quit work after working three days, and either he or Sharpe, or both of them, might have foreclosed at any time.

By the COURT:

There is a substantial conflict in the evidence as to the fact whether the bill of sale was intended as a mortgage. The court below finds that it was so intended, and we cannot disturb the finding. Assuming it to have been a mort-

gage, the provision by which the defendant "agrees to pay as fast as it comes out of the claim, after deducting three dollars a day for living, for each day's work," is not to be construed as an agreement that the debt to the plaintiff shall be paid only out of the proceeds as they came out of the claim, after deducting the three dollars per day. The defendant was not liable for the plaintiff's debt, and did not agree to pay it, except conditionally in the manner stated. He undertook, it is true, to apply the proceeds, after deducting the *per diem,* to the plaintiff's debt; but the debt was due when the instrument was executed, and there was no stipulation to extend the credit. There is no error in the record.

Judgment affirmed.